IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIA ZHAO and DAVID EHRMANN, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. 11-2536 |
| : | |
| SKINNER ENGINE COMPANY *et al.*, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

MEMORANDUM

YOHN, J.                                                                                          September 1, 2011

     Xia Zhao and David Ehrmann, husband and wife, have filed a motion to remand this products-liability action to the Court of Common Pleas of Philadelphia County, where they originally filed the action. Because of a procedural defect in the removal of the action to this court—namely, the failure of all defendants to join in the removal notice or to otherwise provide timely written consent to removal—I will grant plaintiffs' motion to remand.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

     This action arises from injuries allegedly suffered by Xia Zhao when she was using a rubber extrusion machine referred to as the KO Intermix, KO Lab Intermix, KO MK3 Shaw Intermix, or KO Intermix MK3. Plaintiffs, residents of Pennsylvania, commenced this action in the Court of Common Pleas of Philadelphia County on March 9, 2011, against eight defendants, including Shar Systems, Inc. ("Shar"), a corporation with its principal place of business in Indiana; Polymer Machinery Company ("Polymer"), a corporation with its principal place of

business in Ohio; Farrel Corporation ("Farrel"),[1] a corporation with its principal place of business in Connecticut; and HF Rubber Machinery, Inc. ("HF"), a corporation with its principal place of business in Kansas. Plaintiffs alleged that each defendant was involved in the design, manufacture, sale, or distribution of the machine.

Defendants HF and Polymer were served with the complaint on March 14, 2011, by certified mail; Farrel was served by certified mail on March 17, 2011; and Shar was allegedly served by certified mail on or before March 15, 2011.[2] None of the other four defendants was served, and as of April 12, 2011, the docket showed that only HF, Polymer, and Farrel had been served; there was no entry on the state-court docket reflecting service of the complaint upon Shar. (Pl.'s Mot. to Remand Ex. 13.)

On April 12, 2011, Farrel and HF (collectively, the "removing defendants") filed a notice of removal to this court, asserting that the court has original jurisdiction over the action, on the basis of diversity of citizenship, under 28 U.S.C. § 1332. The notice stated that "[t]he only other Defendant in the action to date, Polymer Machinery Corporation, has consented to this action being removed to federal court." (Notice of Removal ¶ 13.)

Plaintiffs timely filed, on May 5, 2011, a motion to remand this action to state court on

---

[1] Farrel was incorrectly named in plaintiffs' complaint as "Farrell."

[2] Shar denies that it was properly served. But on March 15, 2011, Shar's attorney sent an e-mail to plaintiffs' attorney asserting that Shar was misidentified in plaintiffs' complaint and that plaintiffs had "named the wrong company" as a defendant. (Pl.'s Mot. to Remand Ex. 6.) Shar's attorney requested that plaintiffs voluntarily dismiss the claims against Shar and asked whether plaintiffs would "agree to toll the clock on filing a response while we are trying to work this out so that [Shar] may avoid the cost of hiring Pennsylvania counsel." (*Id.*) In any event, there is no evidence that plaintiffs filed an affidavit of service as to Shar, and there is no entry on the state-court docket reflecting service of the complaint upon Shar. (*See id.* Ex. 13.)

the ground that the removal procedure was defective because defendants Shar and Polymer neither joined in the notice of removal nor provided timely written consent to removal.

II.     DISCUSSION

A defendant in a state court action may remove the case to federal court if the federal court could have originally exercised jurisdiction over the matter. *See* 28 U.S.C. § 1441(a).[3] "Removal is a statutory right, and the procedures to effect removal must be followed." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985). "It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (footnote omitted). Section 1446, which sets forth the procedures for removing a case to federal court,[4] "has been

---

[3] The removal statute provides, in relevant part:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a).

[4] Under 28 U.S.C. § 1446, a defendant must file a notice of removal within thirty days of service of the complaint. Section 1446 provides, in relevant part:
    (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
    (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to

construed to require that when there is more than one defendant, all must join in the removal petition." *Lewis*, 757 F.2d at 68; *see also Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("[I]t is well established that removal generally requires unanimity among the defendants.")

Here, Polymer did not sign the notice of removal.[5] Nonetheless, Polymer argues that it "joined" the notice of removal. Polymer asserts that when contacted by counsel for the removing defendants, Polymer's counsel not only consented to removal but also stated that the removing defendants "had authority to speak for [Polymer] to the extent necessary to effectuate removal." (Resp. of Defs. Polymer Machinery Co. & Barwell Polymer Machinery Co. (A Non-Existent Entity) in Opp'n to Pls.' Mot. to Remand at 1–2.)

The Third Circuit has not addressed the question of what is required to evidence joinder

---

      be served on the defendant, whichever period is shorter.
         If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
28 U.S.C. § 1446.

    [5] It is undisputed that neither Shar nor the other four unserved defendants consented to removal. It is well established that a defendant that has not been served at the time the removing defendants file their notice of removal is not required to join in the notice of removal or otherwise consent to removal. *See Lewis*, 757 F.2d at 68. And plaintiffs do not dispute that the consent of the four unserved defendants was not required here. There is a dispute, however, as to whether the exception to the unanimity requirement applies to Shar, which was allegedly served before the removing defendants filed their notice of removal. In any event, as discussed in more detail below, I conclude that Polymer's consent was required and that Polymer did not properly consent to removal. And because Polymer's failure to properly consent is a sufficient basis for remanding this action to state court, I need not determine whether Shar's consent was also required.

in, or consent to, removal. Courts in this district, however, have held that each defendant must either sign the notice of removal or submit to the court a timely written notice of consent to removal. *See, e.g.*, *Knit With v. Aurora Yarns*, No. 09-5981, 2010 U.S. Dist. LEXIS 22592, at *30–34 (E.D. Pa. Mar. 11, 2010); *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448, 449–50 (E.D. Pa. 2004). It is not sufficient for the removing defendant to assert in its notice of removal that the other defendants consent to removal. *See, e.g.*, *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995) ("[O]ne defendant's attempt to speak on behalf of another defendant will not suffice."); *Ogletree v. Barnes*, 851 F. Supp. 184, 187–90 (E.D. Pa. 1994).[6] Here, Polymer neither signed the notice of removal nor filed a separate written notice consenting to removal. Because the removing defendants' statement in their notice of removal that Polymer consented to removal of the action is insufficient to establish Polymer's consent, the removing defendants have failed to satisfy the unanimity requirement.

There are, however, several exceptions to the unanimity requirement, and the removing defendants argue that, under these exceptions, Polymer's consent to removal was not required here.

Analogizing to the doctrine of fraudulent joinder, the removing defendants argue that

---

[6] The circuit courts are split as to what constitutes proper consent to removal. Some courts require that each defendant either sign the notice of removal or submit a timely written notice of consent. *See, e.g.*, *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994), *abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Other courts, however, require only that an attorney of record sign the notice of removal and certify that all the defendants consent to removal. *See, e.g.*, *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224–25 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004).

Polymer is not a proper party to the action and thus that its consent to removal is not necessary.[7] But they failed to allege in their notice of removal that Polymer was an improper party or had been fraudulently joined. The removing defendants stated only that Polymer was a defendant in the action and consented to removal. (*See* Notice of Removal ¶ 13.) In any event, there is no basis for concluding that Polymer is an improper party or was fraudulently joined.

It is well established that a defendant that has been improperly or fraudulently joined need not join in the notice of removal. *See Balazik*, 44 F.3d at 213 n.4 (asserting that the unanimity rule may be disregarded where a defendant has been fraudulently joined). The Third Circuit has explained that "joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendants" (the objective test) or where the plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment" (the subjective test). *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks omitted). A removing party bears "a heavy burden of persuasion" in establishing fraudulent joinder. *Id.* (internal quotation marks omitted).

The removing defendants cite both the objective test and the subjective test in arguing that Polymer was fraudulently joined. They assert that before they filed their notice of removal, Polymer's counsel informed plaintiffs' counsel that Polymer was not in existence at the time of the manufacture and sale of the machine at issue in this case, and that plaintiffs' counsel agreed

---

[7] The term "fraudulent joinder" is used when a plaintiff improperly adds a nondiverse defendant to the action solely to defeat diversity jurisdiction and thus prevent removal. *See In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Courts have held that a defendant that has been fraudulently joined may be disregarded for purposes of determining whether there is diversity of citizenship. *See, e.g., id.* at 215–16. Here, there is no allegation that Polymer is a citizen of Pennsylvania, and plaintiffs do not challenge the court's jurisdiction over the matter.

to stipulate to the dismissal of Polymer without prejudice. (*See* Mem. of Law in Supp. of Opp'n to Pl.'s Mot. for Remand by Defs. HF Rubber Machinery, Inc. & Farrel Corp. ("Removing Defs.' Br.") Ex. B.) The removing defendants thus contend that "there is no legal or factual basis through which Plaintiffs can pursue a claim against [Polymer]" and that plaintiffs "have no real intention in good faith to prosecute the action against [Polymer]." (*Id.* at 11.)

      I turn first to the objective test—whether there is a reasonable basis in fact or colorable ground supporting the claim against the joined defendants. In applying this test to determine whether a defendant has been fraudulently joined, a court "must focus on the plaintiff's complaint at the time the petition for removal was filed . . . [and] must assume as true all factual allegations of the complaint." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992) (internal quotation marks omitted). The court's inquiry into the law must not be too "penetrating," and the fact that a court may ultimately conclude that the claims against a defendant must be dismissed for failure to state a claim upon which relief may be granted does not mean that the defendant was fraudulently joined. *See id.* at 852–53 (explaining that the standard for determining whether a defendant has been fraudulently joined is less searching than that triggered by a motion to dismiss for failure to state a claim). Rather, a defendant may be said to be fraudulently joined only where the claim against that defendant is "wholly insubstantial and frivolous." *Id.* at 852.

      In this case, plaintiffs have asserted, among other claims, a strict-liability claim against Polymer for alleged defects in the machine that caused Ms. Zhao's injuries. Under Pennsylvania's products-liability law, "all suppliers of a defective product in the chain of distribution . . . are potentially liable to the ultimate user injured by the defect." *Burch v. Sears,*

*Roebuck & Co.*, 467 A.2d 615, 621 (Pa. Super Ct. 1983) (citing *Francioni v. Gibsonia Truck Corp.*, 372 A.2d 736 (Pa. 1977)).[8] Because plaintiffs alleged in their complaint that Polymer was involved in the chain of distribution for the machine at issue in this case, they have stated a colorable claim against Polymer. The removing defendants, however, assert that at the time they filed their notice of removal, plaintiffs had been informed by Polymer's counsel that Polymer had no involvement in the sale of the machine. But, as plaintiffs point out, no discovery has been conducted yet, and except for an e-mail from Polymer's counsel to plaintiffs' counsel, the removing defendants have proffered no evidence that Polymer was not involved in the chain of distribution. The unsubstantiated and unverified representations of Polymer's counsel are simply insufficient to establish that Polymer was not involved in the sale of the machine, and I thus cannot conclude that plaintiffs' claims against Polymer are wholly insubstantial or frivolous.

  Next, citing the subjective test for fraudulent joinder, the removing defendants contend that, because plaintiffs apparently told Polymer's counsel that they would agree to dismiss the claims against Polymer, plaintiffs had no good-faith intention to prosecute their claims against Polymer at the time the removing defendants filed their notice of removal. But plaintiffs assert that they "intend to pursue any viable claims against [Polymer]." (Pls.' Reply to Defs Farrell Corp. & HF Rubber Machinery's Resp. to Pls' Mot. to Remand at 6.) They explain that, notwithstanding their discussions with Polymer's counsel regarding the potential dismissal of Polymer, they ultimately decided that, because they had not yet had the opportunity to conduct

---

[8] But as the Superior Court has explained, "[r]ather than automatically imposing strict liability on anyone involved in distributing a product to a consumer, the [Pennsylvania Supreme] Court has carefully examined the defendant's relationship with the defective product and the overall chain of distribution." *Frey v. Harley Davidson Motor Co.*, 734 A.2d 1, 17 (Pa. Super. Ct. 1999).

discovery and because the representations of Polymer's counsel were unsubstantiated, dismissal would be premature. The removing defendants have offered no reason to doubt plaintiffs' explanation, and accordingly, I conclude that the removing defendants have failed to demonstrate that plaintiffs lacked a good-faith intention to prosecute the action against Polymer.

The removing defendants further suggest that even if Polymer was not fraudulently joined, plaintiffs "are refusing to dismiss [Polymer], as they previously agreed to do, in order to defeat removal" (Removing Defs.' Br. at 3), and they argue that plaintiffs are "barred by the principles of equitable estoppel from using [Polymer] as a party to defeat removal" (*id.* at 7). Their argument is unavailing.

The dismissal of Polymer now would not cure the procedural defect at the time of removal. Because the removing defendants have failed to show that Polymer was fraudulently joined, under the unanimity rule Polymer was required to join the notice of removal. Just as submitting to the court written notice of Polymer's consent to removal now, after the thirty-day removal period has expired, is insufficient to cure its failure to join the notice of removal, *see, e.g.*, *Carter v. Ingersoll-Rand Co.*, No. 00-6438, 2001 U.S. Dist. LEXIS 2466 (E.D. Pa. Mar. 12, 2001), dismissing Polymer now would similarly be insufficient to cure the procedural defect at the time of removal.

Moreover, there is no basis for applying the doctrine of equitable estoppel here. "Equitable estoppel applies to prevent a party from assuming a position or asserting a right to another's disadvantage inconsistent with a position previously taken." *Blofsen v. Cutaiar*, 333 A.2d 841, 843 (Pa. 1975). Under Pennsylvania law, "[i]t arises when a party 'intentionally or through culpable negligence induces another to believe certain facts to exist' and the other party

'rightfully relies and acts on such belief' to its detriment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 165 (3d Cir. 2009) (quoting *Zitelli v. Dermatology Educ. & Research Found.*, 633 A.2d 134, 139 (Pa. 1993)). The essential elements of equitable estoppel are inducement and detrimental reliance, *see id.*, and "[t]here can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or judgment than the product of what defendant did or represented." *In re Estate of Tallarico*, 228 A.2d 736, 741 (Pa. 1967) (internal quotation marks omitted). Here, there is no evidence that Polymer's failure to sign the removing defendants' notice of removal or submit a separate written notice consenting to removal (or the removing defendants' failure to obtain such written consent) was the result of plaintiffs' statements that they would agree to stipulate to the dismissal of Polymer, rather than the result of Polymer's (and the removing defendants') own judgment. Indeed, notwithstanding any statements by plaintiffs regarding the dismissal of Polymer, the removing defendants sought Polymer's consent to remove the case, and Polymer's counsel orally consented to removal. Given that Polymer orally consented to removal, there is no reason to believe that Polymer was somehow induced not to give (or the removing defendants were induced not to seek) *written* consent.

   Because Polymer failed to provide timely written consent to removal, and because there is no basis for excusing this lack of written consent, I will grant plaintiffs' motion to remand this action to state court. An appropriate order accompanies this memorandum.